# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| ADELINE GUDGER, ) | Civil Action No.: 1:16-03782-JMC |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | (*Jury Trial Requested*) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, by and through her undersigned counsel, hereby brings the following claims against the Defendant United States of America through the Department of Health and Human Services, and set forth as grounds to the Complaint the following:

## THE PARTIES

1. The Plaintiff is a U.S. Citizen and resides in the County of Allendale in the State of South Carolina.

2. United States of America ("United States") is the Defendant per 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, et. seq., and 38 U.S.C. § 7316 as it delivers medical services through the Department of Health and Human Services and its employees at Low Country Health Systems, Inc. (the "Clinic") in the Town of Fairfax, South Carolina.

3. United States is the proper Party-Defendant in this action pursuant to the Federal Tort Claims Act ("FTCA") for a claim seeking money damages for personal injury caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of the their federal employment. 28

1

U.S.C. § 1346(b) and 28 U.S.C. § 2671, et. seq. (collectively, the "FTCA"). Specifically, the Plaintiff's allegations of negligence herein are against Kerin McCormack, PA-C ("McCormack") and other employees of Clinic that are federal employees, by and through the United States Department of Health and Human Services a "federal agency" as defined in the FTCA.

## JURISDICTION AND VENUE

4.      This action is brought against United States pursuant to the FTCA for the acts and omissions by its agents and/or employees arising out of medical services delivered to the Plaintiff who was a patient at the Clinic. This Court has jurisdiction over the matter pursuant to the FTCA.

5.      The employees of the Clinic, specifically McCormack, are employees of the government or were acting on behalf of a federal agency in an official capacity, temporarily or permanently, with or without compensation as specified in 28 U.S.C. §§ 1346 (b)(1), FTCA, and 38 U.S.C. §7365, and as such were acting within the scope of his employment.

6.      At the times of the medical treatment described herein, Plaintiff was a resident of Allendale County, South Carolina.

7.      Plaintiff timely submitted Claims for Damages (commonly referred to as a Standard Form 95) to the Department of Health and Human Services on March 18, 2016 (Exhibit A).

8.      On October 4, 2016, Department of Health and Human Services denied Plaintiff's claim. (Exhibit B).

9.      Plaintiff has exhausted the administrative remedies as required under the FTCA, thereby authorizing Plaintiff to file this action, 28 U.S.C. §2675.

2

10. Venue is proper in this Court under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1402 because the acts and/or omissions complained of herein occurred in whole or in part in Allendale County, South Carolina, which is within the Aiken Division of the United States District Court for the District of South Carolina.

11. Liability is additionally determined in accordance with the state laws in the place of occurrence (*i.e*., the State of South Carolina), federal laws and regulations, patient's bill of rights, and other, where these acts and/or omissions occurred. 28 U.S.C. §1346; *Richards v. U.S*., 369 U.S. 1. 11-13 (1962).

## GENERAL AND FACTUAL ALLEGATIONS

12. Plaintiff hereby re-alleges and reaffirms the above paragraphs as if fully set forth herein.

13. Plaintiff has complied with all conditions precedent under the FTCA including, without limitation, compliance with all pre-suit notice of claim requirements.

14. That on or about February 14, 2011, the Plaintiff presented to the Clinic, with complaints of loss of appetite, fatigue and blood in stool.

15. That for sixteen months, Plaintiff continued to experience rectal bleeding and other gastrointestinal symptoms and sought care from the Clinic.

16. That on May 15, 2014, the Plaintiff was diagnosed with Stage III rectal cancer.

17. All actions or omissions by doctors, nurses, technicians, agents, employees and/or staff who attended to Plaintiff were performed in the scope of their employment.

18. The expert opinion of Robert L. Perkel, MD is that the one or more breaches of care by the Defendant occurred in the medical treatment provided to the

Plaintiff. This expert opinion is attached hereto and incorporated herein by reference (Exhibit C).

19. The expert opinion of David T. Harris, MD is that as a result of the breaches of care Plaintiff had invasive treatment and has about a 65% chance of surviving five years. This expert opinion is attached hereto and incorporated by reference (Exhibit D).

20. The injuries and/or damages Plaintiff sustained are permanent in nature and will continue into the future thereby resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, loss of capacity of the enjoyment of life, loss of enjoyment of life, and loss of earning capacity. In addition, Plaintiff has incurred and will continue to incur expenses for hospitalization, treatment and medical care as well as other damages for which recovery is permitted.

## **NEGLIGENCE CLAIM**

24. Plaintiff hereby re-alleges and affirms the above paragraphs as if fully set forth herein.

25. The Clinic and McCormack, owed Plaintiff a duty to provide that standard of care, skill, and treatment which in light of all relevant surrounding circumstances is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

26. The Clinic and McCormack, breached this duty and deviated from the applicable standard of care by rendering care and treatment that was below the standard of care including, without limitation, failing to appropriately evaluate Plaintiff for rectal bleeding when the symptom first appeared, failing to provide appropriate care, failing to provide proper and adequate medical attention, failing to send Plaintiff for further testing, failing to perform appropriate diagnostic tests in a timely manner, failing to  failing to

exercise reasonable care for the well-being of the Plaintiff under the circumstances, failing to provide health care to the Plaintiff that met the minimum standard of care in the relevant medical community, failing to follow generally accepted medical and diagnostic standards, practices, and procedures, failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances, and in failing such particulars as may be discovered in the course of this litigation.

27.     As a direct and proximate result of the aforesaid breaches of the standard of care, the Plaintiff has endured severe and grievous pain, suffering, humiliation embarrassment, permanent debilitating injuries, and damages; Plaintiff has undergone medical treatment and incurred expenses, and is expected to incur future medical expense, pain and suffering.

28.     United States is vicariously liable for the deviations from the standard of care and negligence of the Clinic and McCormack, by and through the Department of Health and Human Services, a federal agency.

WHEREFORE, Plaintiff demands judgment against the Defendant for such amount of actual and consequential damages as the Court may find, plus costs and disbursements of this action, and any other such relief this Court deems just and proper.

### **CERTIFICATE OF COUNSEL**

Undersigned counsel certifies that a reasonable investigation gave rise to a good faith belief that grounds exist for an action against the Defendant named herein.

    PETERS, MURDAUGH, PARKER
    ELTZROTH & DETRICK, P.A.

By:   s/Neil E. Alger
       Neil E. Alger, Esq.
       (Fed ID #11903)

5

                                                101 Mulberry Street East
                                                P.O. Box 457
                                                Hampton, South Carolina 29924
                                                (803) 943-2111
                                                (803) 943-3943 (fax)

                                                            - and -

                                                Gooding & Gooding, PA
                                                Mark B. Tinsley, Esquire
                                                (Fed ID # 7160)
                                                264 Barnwell Highway
                                                Allendale, SC  29810
                                                ATTORNEYS FOR PLAINTIFF

December 1, 2016.
Hampton, South Carolina